UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| TIM TAYLOR, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED; AND BRYCE BAKER, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED; <br><br> Plaintiffs, <br><br> vs. <br><br> JBS FOODS USA, TYSON FOODS, INC., CARGILL MEAT SOLUTIONS CORP., NATIONAL BEEF PACKING COMPANY, LLC, <br><br> Defendants. | 3:23-CV-03031-ECS <br><br><br> OPINION & ORDER REQUIRING NOTICE TO SOUTH DAKOTA ATTORNEY GENERAL |

## I. Background

Tim Taylor and Bryce Baker, on behalf of themselves and others similarly situated ("Plaintiffs"), filed a class action antitrust complaint against JBS Foods USA; Tyson Foods, Inc.; Cargill Meat Solutions Corp.; and National Packing Company, LLC ("Defendants") in South Dakota's Sixth Judicial Circuit Court. Doc. 1-1. Plaintiffs allege Defendants violated South Dakota's Restraint of Trade Statutes and the Racketeer Influenced and Corrupt Organizations Act ("RICO") and were unjustly enriched. Id. Defendants removed the case to this Court pursuant to the Class Action Fairness Act. Doc. 1. Defendants then moved to dismiss the complaint. Doc. 22.

Defendants assert that "[a]ll of Plaintiffs' claims fail as a matter of law" for several reasons. Doc. 23 at 1–3. Relevant to this discussion, Defendants allege Plaintiffs' state-law

1

claims are preempted by federal law and barred by the dormant Commerce Clause. See id. at 10–15. Plaintiffs responded asserting these arguments are procedurally improper under Federal Rule of Civil Procedure 5.1. Doc. 30 at 4–5, 23–24. Plaintiffs thus contend that Defendants must file a notice of constitutional questions with this Court and serve the notice on the South Dakota Attorney General. Id. Defendants replied, asserting that their "preemption and dormant Commerce Clause arguments will leave South Dakota antitrust law in full force in virtually all its domain" and as such their arguments do not call into question the constitutionality of those laws. Doc. 31 at 4–5.

Federal Rule of Civil Procedure 5.1(a) provides:

A party that files a pleading, written motion, or other paper <u>drawing into question the constitutionality of a . . . state statute</u> must promptly:
(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
   . . .
   (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
(2) serve the notice and paper . . . on the state attorney general—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

(emphasis added).

If notice is required under Rule 5.1(a), a "court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b). "Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." Fed. R. Civ. P. 5.1(c).

## II.     Discussion

### A. Notice under Federal Rule of Civil Procedure 5.1

Based on the parties' arguments, before it can fully rule on Defendants' Motion to Dismiss, this Court must determine whether Defendants' preemption and dormant Commerce Clause arguments draw into question the constitutionality of South Dakota's antitrust and unjust enrichment laws. See Docs. 23 at 10–17; 30 at 4–5; 23–24; 31 at 4–5. If the answer is yes, Defendants must provide notice to the South Dakota Attorney General that the constitutionality of a state statute is being challenged, and this Court must certify the same and allow South Dakota to intervene if it wishes. See Fed. R. Civ. P. 5.1; 28 U.S.C. § 2403(b).

#### 1. Preemption

The preemption doctrine "has its roots in the Supremacy Clause." Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 152 (1982) (citing U.S. Const. art. VI, cl. 2). Thus, a constitutional claim arises when a "state law is preempted by federal law." United States v. Zadeh, 820 F.3d 746, 753 (5th Cir. 2016). Preemption though is also "statutory in the sense that it depends on interpretation of an Act of Congress, and like any other statutory decision, . . . is subject to legislative overruling." Douglas v. Seacoast Prods., Inc., 431 U.S. 265, 272 n.6 (1977).

Given preemption's hybrid nature, it is no surprise that a split of authority exists on whether preemption is <u>always</u> a constitutional claim that requires notice and certification under Rule 5.1 and § 2403.[1] The Eighth Circuit has not yet spoken on this matter. Defendants assert,

---

[1] Compare Zadeh, 820 F.3d at 753–55 (acknowledging that preemption arguments do not always require certification under § 2403(b) but holding "that § 2403(b) does not require notice to" be given in this particular circumstance), and Skau v. JBS Carriers, Inc., No. 18-cv-00681, 2019 WL 4597516, at*1 (W.D. Wash. Sept. 23, 2019) ("[T]he State does not have a mandatory right to intervene because <u>preemption in this context is not a constitutional issue</u>." (emphasis added), with

3

however, that Judge Colloton's concurrence in North Dakota v. Heydinger, 825 F.3d 912 (8th Cir. 2016), suggests the Eighth Circuit's position on the issue. Doc. 31 at 4 n.3.

In Heydinger, Judge Colloton quotes Douglas for the proposition that preemption claims are "treated as 'statutory' for purposes of [the courts'] practice of deciding statutory claims first to avoid unnecessary constitutional adjudications." Id. at 927 (quoting Douglas, 431 U.S. at 271–72). Douglas further instructs that preemption is also "constitutional in nature, deriving its force from the operation of the Supremacy Clause, Art. VI, cl. 2 . . . ." 431 U.S. at 271–72.

Given preemption's duality, some courts have found that it requires notice under Rule 5.1 and § 2403 depending on the surrounding "circumstances," see Zadeh, 820 F.3d at 755, and "context," Skau v. JBS Carriers, Inc., No. 18-cv-00681, 2019 WL 4597516, at *1 (W.D. Wash. Sept. 23, 2019). Other courts have found that preemption simply requires notice because there is a lack of guidance on the issue, ThermoLife Int'l LLC, No. CV-18-02980, 2020 WL 6395442, at *16 (D. Ariz. Nov. 2, 2020), or because "[a] preempted law is [] unconstitutional, at least in the circumstances where it is preempted." Douglas v. ReconTrust Co., N.A., No. C11-1475, 2012 WL 5470360, at *4 (W.D. Wash. Nov. 9, 2012) (citing Crosby v. Nat'l Foreign Trade Council, 530 U.S. 363 at 388 (2000)).

---

ThermoLife Int'l LLC v. NeoGenis Labs Inc., No. CV-18-02980, 2020 WL 6395442, at *15–16 (D. Ariz. Nov. 2, 2020) (noting "[t]he law is unsettled as to whether Rule 5.1's notice requirement applies when . . . a litigant raises a preemption challenge to a state statute" before ultimately finding that "in the absence of concrete guidance . . . Rule 5.1 should be interpreted as requiring notice [in preemption cases]"), and Roe v. LexisNexis Risk Sols. Inc, CV 12-6284, 2013 WL 11246904, at *1 (C.D. Cal. March 19, 2013) (referencing prior order declining to consider motion until defendant complied with Rule 5.1 where defendant argued plaintiff's claims "fail because they are preempted"), and Douglas v. ReconTrust Co., N.A., No. C11-1475, 2012 WL 5470360, at *4 (W.D. Wash. Nov. 9, 2012) ("A preempted law is [] unconstitutional" and "requires a party to notify a state's attorney general of a constitutional challenge to a state statute.").

In Zadeh, a case Defendants rely on, the Fifth Circuit held that notice was not required because, although the defendant's attempted use of the state's statutes was preempted, the statutes were left essentially intact. 820 F.3d at 754–55 (citing Dynamics Corp. of Am. v. CTS Corp., 794 F.2d 250, 259 (7th Cir. 1986), rev'd on other grounds, 481 U.S. 69, 107 (1987)). The Zadeh court still noted, however, that "providing notice is the better practice." Id. at 755.

Because this Court is still considering Defendants' arguments, it is currently unknown whether Chapters 37-1 and 37-24 of South Dakota Codified Laws "will [be] in full force in virtually all [their] domain," Zadeh, 820 F.3d at 754–55, if Defendants' preemption argument prevails, Doc. 31 at 5. Because of this uncertainty, the lack of guidance from a majority opinion by the Eighth Circuit, and notice being the preferred practice, this Court finds the line of cases requiring notice to the state attorney general more persuasive. Thus, if they wish to pursue their preemption argument, Defendants must give the State of South Dakota proper notice in accordance with Rule 5.1.

### 2. Dormant Commerce Clause

Defendants also argue that South Dakota's antitrust and unjust enrichment laws are unconstitutional under the dormant Commerce Clause. Doc. 23 at 13–17, n.7. Plaintiffs maintain that "Rule 5.1 require[s] Defendants to file notice with this Court, and serve notice on South Dakota, with respect to its dormant Commerce Clause arguments." Doc. 30 at 23–24 (citing Fed. R. Civ. P. 5.1(a)(1), (2)). Conversely, Defendants assert that their "[d]ormant Commerce Clause arguments [do not require notice because they would] leave South Dakota antitrust law in full force in virtually all its domain." Doc. 31 at 5.

Commerce Clause arguments are constitutional and different than their hybrid cousin—preemption—which arises under the Supremacy Clause. See Swift & Co. v. Wickham, 382 U.S.

111, 120 (1965) (differentiating preemption claims from "Due Process Clause, Equal Protection Clause, Commerce Clause, [and] Contract Clause arguments").

Defendants contend that "[i]f South Dakota's antitrust or unjust enrichment laws did in fact create the labeling scheme Plaintiffs suggest, those state laws are unconstitutional." Doc. 23 at 15, n.7 (emphasis added). Accordingly, Defendants' dormant Commerce Clause argument clearly draws into question the constitutionality of South Dakota's antitrust and unjust enrichment laws. See Fed. R. Civ. P. 5.1(a); see also Lazar v. Kroncke, 862 F.3d 1186, 1202–03 (9th Cir. 2017) (Commerce Clause argument waived when it was not pled or included in plaintiff's Rule 5.1 notice). Thus, Defendants must follow Rule 5.1 and file notice with this Court and serve the notice on the South Dakota Attorney General.

This Court reserves consideration of any constitutional challenge to South Dakota's antitrust and unjust enrichment laws on preemption or dormant Commerce Clause grounds until it is known whether the state will intervene. If that occurs, this Court will issue a separate briefing schedule to resolve the constitutional challenges.

### III. Conclusion

For the reasons stated above, and the record as it now exists before this Court, it is

ORDERED that Defendants comply with the notice requirements of Fed. R. Civ. P. 5.1(a). Within 14 days of the date of this order, Defendants must file a notice of constitutional questions stating the questions and identifying the paper that raises it and must serve the South Dakota Attorney General with the notice, paper, and all other documents filed in this case. It is further

ORDERED that, within 60 days of service of this order, the South Dakota Attorney General, should he choose to do so, may file a motion to intervene and supporting pleadings consistent with Fed. R. Civ. P. 24. It is further

ORDERED that this Court certifies to the South Dakota Attorney General that South Dakota's antitrust and unjust enrichment laws have been questioned within the meaning of Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403(b). It is further

ORDERED that the Clerk of Court shall immediately serve this order upon the South Dakota Attorney General.

DATED this 16 day of July, 2024.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE